UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| v. | § | CRIMINAL ACTION NO. H-94-121-1 |
| | § | CIVIL ACTION   NO. H-99-1283 |
| DARRELL WAYNE ADAMS, | § | |
| Defendant-Movant. | § | |

### ORDER

Pending is Defendant/§ 2255 Movant Darrell Wayne Adams's "Motion under Fed. R. Civ. Pro. 15(c)(1)(B)" (Document No. 1089 in Criminal Action No. H-94-121; Document No. 10 in Civil Action No. 99-1283) in which Adams invokes Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure essentially to re-open his previous § 2255 proceeding and add new claims based on two recently decided Supreme Court cases, Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376 (2012).

Rule 15(c)(1)(B) provides as follows:

(1) An amendment to a pleading relates back to the date of the original pleading when:

* * *

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out--or attempted to be set out--in the original pleading.

Rule 15, however, applies only to cases in which there is no judgment. See Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir.

2000) ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under FED. R. CIV. P. 59 or 60."); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) ("the motion was filed after judgment, and we have held that 'once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'"); United States v. Hames, 431 Fed. Appx. 846, 847, 2011 WL 2471482 (11th Cir. 2011) ("a motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment applicability."); Wallace v. United States, 2008 WL 4821007 *1 (S.D.W.Va. 2008) ("A post-judgment motion to amend may be granted only if the judgment has been vacated."). Here, judgment was entered on Adams's initial § 2255 motion in 2001. That judgment remains in effect today.

Moreover, if Adams's Rule 15(c) Motion to Amend should be construed as either a Motion for Relief from Judgment under Fed. R. Civ. P. 59(e) or a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), see Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003), no relief is available to Adams under either Rule. A motion under Rule 59(e) must be filed within twenty-eight (28) days of judgment. Adams's instant motion to amend was filed more than ten years after judgment was entered on his initial § 2255 motion. As for a motion for relief from judgment, in the § 2255 context, relief under Rule 60(b) is available only upon a showing that there was a "defect in the integrity of the federal habeas

2

proceedings." Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 (2005). Adams has not made such a showing, and instead seeks to re-urge or re-litigate claims that were substantially considered in connection with his original § 2255 motion. Therefore, it is

ORDERED that Darrell Wayne Adams's "Motion under Fed. R. Civ. Pro. 15(c)(1)(B)" (Document No. 1089 in Criminal Action No. H-94-121; Document No. 10 in Civil Action No. 99-1283), whether construed as a Motion under Fed. R. Civ. P. 15(c), 59(e) or 60(b), is DENIED. If Adams in fact is seeking to file a successive § 2255 motion, he must obtain permission for such a filing with the Fifth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); United States v. Quintero, 451 Fed. Appx. 408, 409 (5th Cir. 2011) ("a district court lacks jurisdiction to consider a successive § 2255 motion unless this court has granted permission to file a successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A)"); In re Tatum, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion.").

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26th day of March, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3